## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C., 20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C., 20002<br><br>*Plaintiffs,*<br>v.<br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street NW<br>Washington, DC 20520<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  25-cv-265 |

## COMPLAINT AND PRAYER FOR DECLARATORY
## AND INJUNCTIVE RELIEF

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant, U.S. DEPARTMENT OF STATE ("State" or "State Department"), allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, follows:

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, to compel the production of certain records related to his Royal Highness Prince Henry Charles Albert David Goerge of Wales, the Duke of Sussex, the Earl of Dumbarton, and Baron Kilkeel K.C.V.O.  *See* Plaintiffs' FOIA Request, F-2024-21641 (Sept. 24, 2024) ("Request" or "Plaintiffs' Request") (Ex. 1).

## **PARTIES**

2.      Plaintiff, The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, About Heritage, https://www.heritage.org/about-heritage/mission (last visited Jan. 29, 2025).  Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public.

3.      Plaintiff Mike Howell leads The Heritage Foundation's Oversight Project and is an author for *The Daily Signal*.  The Oversight Project is an initiative aimed at obtaining information via FOIA requests and other means in order to best inform the public and Congress for the purposes of Congressional oversight.  "The requests and analyses of information are informed by Heritage's deep policy expertise.  By its nature, the Oversight Project is primarily engaged in disseminating information to the public."  Oversight Project, https://www.heritage.org/oversight (last visited Jan. 29, 2025).  The Oversight Project and Plaintiff Howell's journalistic work is published most frequently on X (formally known as Twitter) to provide information directly to the American people.  *See* Oversight Project (@OversightPR), X (last visited Jan. 29, 2025), https://twitter.com/OversightPR.  Staff for the Oversight Project routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.

4.      Defendant State Department is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission statement is "[t]o protect and promote U.S. security, prosperity, and democratic values and shape an international environment in which all

Americans can thrive." Mission; About the U.S. Department of State, found at https://www.state.gov/about/ (last visited Jan. 29, 2025).

## JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

6.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant's principal place of business is in the District of Columbia.

## PLAINTIFFS' FOIA REQUEST

7.     Plaintiffs submitted the Request on September 24, 2024, to Defendant and sought: "All records related to his Royal Highness Prince Henry Charles Albert David Goerge of Wales, the Duke of Sussex, the Earl of Dumbarton, and Baron Kilkeel K.C.V.O. from January 2020 to the present." Request at 1.

8.     The Request sought a fee waiver based on Heritage's status as a not-for-profit and the fact that a purpose of the Request was to allow Heritage to gather information on a matter of public interest for (among other things) use by authors of, *The Daily Signal*, which is a major news outlet. *Id.* at 4.

## DEFENDANT'S CONSTRUCTIVE DENIAL OF
## THE REQUESTS

9.     Plaintiffs received a confirmation that the Request was sent successfully through the FOIA.gov portal on the same day, and was provided the FOIA.gov confirmation ID, 1542021. FOIA.gov Screen Capture (Sept. 24, 2024) (Ex. 2 ).

10.     Defendant acknowledged receipt of the Request on December 5, 2024.  Letter to Mike Howell from Enelle Debrose (Dec. 5, 2024) ("Fee Waiver Denial") (Ex. 3).

11.     Defendant denied Plaintiffs' petition for a fee waiver under the public interest standard, stating the "request does not meet the public interest standard set forth in 22 CFR § 171.16(a)(1)(i–iv).  Therefore, this Office denies your request for a fee waiver."  Fee Waiver Denial Letter at 1.

12.     Defendant also determined that Plaintiffs fell within the "new media requester fee category" and would only be charged duplication costs.  *Id.*

13.     Defendant further informed Plaintiffs the Request would be tolled and will not be processed until Defendant received confirmation of Plaintiffs willingness to pay per Defendant's "FOIA Regulations, 22 CFR 171.16(e)(3), [and asked that Plaintiffs] provide a willingness to pay the direct costs of duplication for a minimum of two productions totaling $62.50."  *Id.* at 2.

14.     Plaintiffs immediately emailed the U.S. Department of State FOIA Requester Service Center that same day and informed Defendants of Plaintiffs' willingness to pay the $62.50 duplication costs.  Email Correspondence between Plaintiffs Counsel and Emily F. Blitzer, at 1 (Dec. 5, 2024) ("Email Correspondence") (Ex. 4).

15.     Defendant replied later that evening that Defendant was in receipt of Plaintiffs willingness to pay.  *Id.*

16.     Before filing suit, Plaintiffs accessed the State Departments FOIA portal, and confirmed the status of the Request, which according to the portal is "on hold."  DoS FOIA Portal Screen Capture (Jan. 27, 2025) (Ex. 5).

17.     Plaintiffs have not received any other communications since December 5, 2024.

18.     Defendant has not made a determination on the Request.

19.    Defendant wrongfully denied Plaintiffs' fee waiver request.

20.    Thirty working days from September 24, 2024, is November 6, 2024.

**FIRST CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

21.    Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

22.    FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

23.    Plaintiffs properly requested records within the possession, custody, and control of Defendant.

24.    Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

25.    Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

26.    Defendant's failure to conduct searches for responsive records violates FOIA and DOJ regulations.

27.    Plaintiffs have a statutory right to the information they seek.

28.    Defendant is in violation of FOIA.

29.    Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and

publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

30.     Plaintiffs have no adequate remedy at law.

31.     Plaintiffs have constructively exhausted their administrative remedies.

### SECOND CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

32.     Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

33.     FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."     Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

34.     Plaintiffs properly requested records within the possession, custody, or control of Defendant.

35.     Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

36.     Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' FOIA Request.

37.     Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

38.     Defendant's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

39.     Plaintiffs have a statutory right to the information they seek.

40.     Defendant is in violation of FOIA.

41.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

42.     Plaintiffs have no adequate remedy at law.

43.     Plaintiffs have constructively exhausted their administrative remedies.

**THIRD CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Fee Waiver**

44.     Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

45.     FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

46.     Plaintiffs properly requested records within the possession, custody, or control of Defendant.

47.     Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 22 C.F.R. § 171.17.

48.     The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

49.     Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via a major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

50.     Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  5 U.S.C. § 552(a)(4)(A)(iii).

51.     Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request.  5 U.S.C. § 552(a)(4)(A)(viii)(I).

52.     Plaintiffs have a statutory right to a fee waiver.

53.     Defendant is in violation of FOIA by denying a fee waiver.

54.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

55.     Plaintiffs have no adequate remedy at law.

56.     Plaintiffs have constructively exhausted their administrative remedies.

### FOURTH CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Statutory Bar Against Charging Fees

57.     Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

58.     FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General,

*Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

59.     Plaintiffs properly requested records within the possession, custody, or control of Defendant.

60.     The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

61.     Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via a major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

62.     Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  5 U.S.C. § 552(a)(4)(A)(iii).

63.     Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request.  5 U.S.C. § 552(a)(4)(A)(viii)(I).

64.     Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request.  Therefore, Plaintiffs have a statutory right to have their request processed without being charged any fees.

65.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

66.    Plaintiffs have no adequate remedy at law.  Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A.    Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

B.    Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

C.    Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Requests;

D.    Retain jurisdiction over this matter as appropriate;

E.    Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

F.    Grant such other and further relief as this Court may deem just and proper.

Dated:  January 29, 2025                     Respectfully submitted,

                                            /s/ Samuel Everett Dewey
                                            SAMUEL EVERETT DEWEY
                                            (No. 999979)
                                            Chambers of Samuel Everett Dewey, LLC
                                            Telephone:  (703) 261-4194
                                            Email:  samueledewey@sedchambers.com

                                            KYLE BROSNAN
                                            (No. 90021475)
                                            The Heritage Foundation
                                            Telephone: (202) 608-6060
                                            Email:  Kyle.Brosnan@heritage.org

                                            ERIC NEAL CORNETT
                                            (No. 1660201)
                                            Law Office of Eric Neal Cornett
                                            Telephone: (606) 275-0978
                                            Email:  neal@cornettlegal.com

                                            MAX TAYLOR MATHEU
                                            (No. 90019809)
                                            Telephone: (727) 249-5254
                                            Email:  maxmatheu@outlook.com

                                            *Counsel for Plaintiffs*