UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF STATE,<br><br>Defendant. | Civil Action No. 25-0265 (CJN) |

## ANSWER TO PLAINTIFFS' COMPLAINT

Defendant United States Department of State ("Defendant" or "the Department"), hereby answers the Complaint filed January 29, 2025 by Plaintiffs The Heritage Foundation and Mike Howell (collectively "Plaintiffs") (ECF No. 1) under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"):

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

1. Defendant admits Plaintiffs brought action against the Defendant under the Freedom Information Act, 5 U.S.C. § 552 ("FOIA"), seeking to compel the production of certain

records related to his Royal Highness Prince Henry Charles Albert David George of Wales, the Duke of Sussex, the Earl of Dumbarton, and Baron Kilkeel K.C.V.O.

## PARTIES[1]

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

4. Defendant admits that the Department of State is an agency of the United States.

## JURISDICTION AND VENUE

5. Defendant admits that this Court has jurisdiction over claims properly brought under FOIA, as limited by the relief available under FOIA.

6. Defendant admits that venue is proper in this Court.

## PLAINTIFFS' FOIA REQUEST

7. Admit. Defendant respectfully refers the Court to the Freedom of Information Act request received by the Defendant, Department of State, on September 24, 2024, for a full and accurate statement of its contents, attached to Plaintiffs' complaint as Exhibit 1 (ECF No. 1-5).

8. Admit. Defendant respectfully refers the Court to the Freedom of Information Act request received by the Defendant, Department of State, on September 24, 2024, for a full and accurate statement of its contents, attached to Plaintiffs' complaint as Exhibit 1 (ECF No. 1-5).

---

[1] For ease of reference only, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

**DEFENDANT'S CONSTRUCTIVE DENIAL OF THE REQUESTS**

9. Admit.

10. Admit. Defendant respectfully refers the Court to letter delivered by the Department, on December 5, 2024, for a full and accurate statement of its contents, attached to Plaintiffs' complaint as Exhibit 3 (ECF No. 1-7).

11. Admit. Defendant respectfully refers the Court to letter delivered by the Department, on December 5, 2024, for a full and accurate statement of its contents, attached to Plaintiffs' complaint as Exhibit 3 (ECF No. 1-7).

12. Admit. Defendant respectfully refers the Court to letter delivered by the Department, on December 5, 2024, for a full and accurate statement of its contents, attached to Plaintiffs' complaint as Exhibit 3 (ECF No. 1-7).

13. Admit. Defendant respectfully refers the Court to letter delivered by the Department, on December 5, 2024, for a full and accurate statement of its contents, attached to Plaintiffs' complaint as Exhibit 3 (ECF No. 1-7).

14. Admit.

15. Admit.

16. Defendant admits that the portal screen capture attached to Plaintiffs' complaint as Exhibit 5 reads as described. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

17. Admit.

18. Defendant admits that as of the date of the Complaint it had not produced records in response to Plaintiffs' FOIA request. Defendant acknowledged the Plaintiffs' request and avers that processing is ongoing in this request.

19.     The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

20.     Admit.

## FIRST CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

21.     Defendant's responses to the preceding paragraphs are hereby incorporated by reference as if set forth fully herein.

22.     The allegations in this paragraph are Plaintiffs' characterizations of a memorandum from the Attorney General. The memorandum speaks for itself and is the best evidence of its contents, and thus Defendant denies any allegations inconsistent therewith.

23.     The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

24.     The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

25.     The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

26.     The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

27.     The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

28.     The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

29. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

30. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required

31. The allegations in Paragraph 31 constitute a conclusion of law, to which no response is required.

## SECOND CLAIM FOR RELIEF
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

32. Defendant's responses to the preceding paragraphs are hereby incorporated by reference as if set forth fully herein.

33. The allegations in this paragraph are Plaintiffs' characterizations of a memorandum from the Attorney General. The memorandum speaks for itself and is the best evidence of its contents and thus Defendant denies any allegations inconsistent therewith.

34. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required

35. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

36. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

37. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

38. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required

39. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

40. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required

41. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

42. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

43. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

### THIRD CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Fee Waiver

44. Defendant's responses to the preceding paragraphs are hereby incorporated by reference as if set forth fully herein.

45. The allegations in this paragraph are Plaintiffs' characterizations of a memorandum from the Attorney General. The memorandum speaks for itself and is the best evidence of its contents and thus Defendant denies any allegations inconsistent therewith.

46. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

47. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

48. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

49. Defendant admits that it determined Plaintiff to "fall within the 'news media' requester fee category."

50. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

51. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

52. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

53. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

54. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

55. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

56. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

**FOURTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

57. Defendant's responses to the preceding paragraphs are hereby incorporated by reference as if set forth fully herein.

58. The allegations in this paragraph are Plaintiffs' characterizations of a memorandum from the Attorney General. The memorandum speaks for itself and is the best evidence of its contents and thus Defendant denies any allegations inconsistent therewith.

59. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

60. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

61. Defendant admits that it determined Plaintiffs fall within the "'news media' requester fee category."

62. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

63. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

64. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

65. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

66. The allegations in this paragraph are Plaintiffs' legal conclusions, to which no response is required.

WHEREFORE The remaining paragraphs of the Complaint, including paragraphs A-F, contain Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that that Plaintiffs are entitled to the relief sought or to any relief whatsoever.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

### FIRST DEFENSE

Plaintiffs are not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiffs' requests for relief that exceed the relief authorized by the FOIA.

### THIRD DEFENSE

Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs.

### FOURTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

**FIFTH DEFENSE**

Plaintiffs failed to reasonably describe the records sought.

**SIXTH DEFENSE**

Plaintiffs' claims are barred by res judicata.

Dated: February 28, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By: */s/ John J. Bardo*
    JOHN J. BARDO, D.C. Bar #1655534
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 870-6770

*Attorneys for the United States of America*